IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS LYNN SHUMWAY, an individual residing in the state of Utah; CHAD L. SHUMWAY, an individual residing in the state of Utah; MOUNTAIN WEST MEDICAL SUPPLY, L.L.C., a Utah limited liability company; UNITED ENERGY WORKERS HEALTHCARE, CORP., an Ohio corporation; FOUR CORNERS HEALTH CARE CORP., a Utah corporation; and FOUR CORNERS HEALTHCARE INC., a Wyoming corporation;<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JAMES LINN WRIGHT, an individual; AUDRA WRIGHT, as individual; GARY D. SLAVENS, as individual; JANE AND JOHN DOES 1-10; and DOE BUSINESS ENTITIES 1-10;<br><br>　　　　　Defendants. | **ORDER RE: SPECIAL MASTER REPORT NOS. 8, 10, AND 11**<br><br><br>Case No. 4:19-cv-00058-DN-PK<br><br>District Judge David Nuffer<br>Special Master Philip J. Favro |

Special Master Report No. 8[1] identifies a number of files as constituting or including Plaintiffs' trade secrets or protected patient information, and recommends that the court order such files to be deleted from Dr. Slavens's computers and accounts.[2] The same report identifies other files as including Plaintiffs' proprietary information that the Special Master recommends the parties stipulate to have deleted.[3]

---

[1] Docket no. 158, filed November 4, 2019.

[2] *Id*. ¶¶ 22-24 (describing files with trade secrets); 25-28 (describing files with protected patient information); Exhibit B, docket no. 158-2 (setting forth files with trade secrets), filed November 4, 2019; Exhibit C, docket no. 158-3 (setting forth files with protected patient information), filed November 4, 2019.

[3] *Id*. ¶¶ 29-30; Exhibit D, docket no. 158-4, filed November 4, 2019.

At the time Special Master Report No. 8 was filed, the Special Master also emailed the parties, stating in part as follows:

> Please review [Special Master Report ("SMR")] No. 8 and notify the Special Master, the Court, and the other parties to this litigation whether you accept the Recommendations memorialized in SMR No. 8 by four o'clock pm on November 12th. If one or more of the parties object to the Recommendations, please be advised the Court will set an expedited briefing schedule so that any issues with SMR No. 8 may be resolved promptly.[4]

To date, no objections have been filed, and Plaintiffs have, among other things, expressly agreed with the recommendations made in Special Master Report No. 8.[5]

Special Master Report Nos. 10[6] and 11[7] likewise identify a number of files as containing Plaintiffs' protected patient information that are recommended for court-ordered deletion from Dr. Slavens's computers and accounts.[8] Additionally, these reports identify a number of files containing proprietary information that the Special Master recommends the parties stipulate to have deleted.[9]

The parties are hereby GIVEN NOTICE that, by no later than 5:00 p.m. on Friday, November 29, 2019, any objections to the Special Master's recommendations, as set forth above, must be filed or they will be deemed waived, and deletion of the files as recommended by the Special Master will be ordered.

---

[4] Docket no. 162-1, filed November 18, 2019. On November 18, 2019, the Special Master sent a follow-up email asking "that Defendant Gary Slavens indicate no later than the close of business (5:00 pm) on Wednesday November 20, 2019 whether he will stipulate to the removal of Plaintiffs' proprietary information from Slavens' devices, accounts, and paper records." Docket no. 162-5, filed November 18, 2019. Dr. Slavens has thus far not responded to this email.

[5] Plaintiffs' Notifications Regarding Special Master Report #8, docket no. 161, filed November 11, 2019.

[6] Docket no. 164, filed November 19, 2019.

[7] Docket no. 165, filed November 22, 2019.

[8] Special Master Report No. 10, *supra* n.6, ¶ 6 (Exhibit A); Special Master Report No. 11, *supra* n.7, ¶¶11-12.

[9] Special Master Report No. 10, *supra* n. 6, ¶¶ 9-10; Special Master Report No. 11, *supra* n. 7, ¶¶ 15-16 and Exhibit A, docket no. 165-1, filed November 22, 2019.

In addition, Special Master Reports 8, 10, and 11 recommended the parties stipulate to the deletion of Plaintiffs' proprietary business information. To facilitate the return of Dr. Slavens' computers and reduce further time and expense, Dr. Slavens must respond to those recommendations by no later than 5:00 p.m. on Monday, December 2, 2019, or deletion of Plaintiffs' proprietary business information files as identified by the Special Master will also be ordered.

SIGNED this 22nd day of November, 2019.

BY THE COURT:

David Nuffer
United States District Judge